IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDOLPH SCOTT | * | |
| v. | * | Civil No. – JFM-09-3110 |
| NUVELL FINANCIAL SERVICES, ET AL. | * | |
| GLADYS GARDNER | * | |
| v. | * | Civil No. – JFM-10-1094 |
| GMAC, INC. | * | |

******

MEMORANDUM

Several motions are pending in these cases: motions for summary judgment filed by defendants, a motion to certify questions of law to the Court of Appeals of Maryland filed by plaintiffs, and a motion to order notice to the putative class and for a stay filed by plaintiffs. Defendant's summary judgment motions will be granted. Plaintiff's motions will be denied.[1]

This case is on remand from the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit had certified to the Maryland Court of Appeals the question of whether the motor vehicles that served as security for loans made by defendants to plaintiffs were (after plaintiffs defaulted) sold at a "private" or "public" auction. Contrary to a ruling I had made, the Maryland Court of Appeals ruled that the vehicles were sold at a "private" auction, and that

---

[1] The parties have stipulated that the time for defendants to respond to plaintiff's motion to order notice to the putative class and for a stay is extended to January 13, 2014. However, for the reasons stated in Section C of this Memorandum, I find that plaintiff's motion is without merit and, accordingly, no further briefing on the motion is necessary.

1

defendants therefore had violated Maryland's Closed-End Credit Grantor Provisions ("CLEC") in auctioning the vehicles as they did.

A.

The CLEC provides that because defendants violated its terms, they may not collect any interest, cost, fees, or other charges with respect to the loan. Md. Comm. Law Code § 1200-1018(a)(2). The CLEC further provides that because of their violation of the terms of the statute, defendants may not obtain a deficiency judgment against plaintiff. Md. Comm. Law Code § 12-1021(k)(4). Here, defendants have not collected from plaintiffs the principal amounts of the loans made to plaintiffs. Further, defendants have expressly stated that they are not seeking, and do not intend to seek, any deficiency against plaintiffs.

The Fourth Circuit's decision in *Bediako v. Am. Honda Fin. Corp.*, 2013 WL 3943183 (4th Cir. Aug. 1, 2013), is directly on point as to the first issue. In *Bediako*, the Fourth Circuit affirmed the dismissal of plaintiff's claims where, after crediting all of his payments and any sale proceeds to the principal amount of the loan, a principal balance remained. As to the deficiency judgment issue, clearly no case or controversy exists where, based upon binding judicial admissions, defendants have stated that they do not seek, and do not intend to seek, any deficiency judgment against plaintiffs.[2]

---

[2] Plaintiffs rely upon *Commissioner of Financial Regulation v. Ward*, Case No. CFR-FY 2010-418, a decision rendered by the Maryland Commissioner of Financial Regulation. This court, of course, is bound by the Fourth Circuit's decision in *Bediako*, not an administrative law decision. Moreover, *Ward* is clearly distinguishable. There, the Commissioner, interpreting a provision analogous to Section 12-1018(a)(2) in the Maryland Mortgage Lender Law, recognized the fundamental proposition that a lender is entitled to recover the principal amount of any loan it has made despite being prohibited from recovering interest, costs, fees, or other charges with respect to the loan. The Commissioner held, however, that the lender was required to give the defendants a choice of either receiving a refund of the fees and interest already paid or having those fees and interest credited against the remaining principal.

B.

Recognizing that *Bediako* is binding authority but disagreeing with its result, plaintiffs request that I certify the question decided by *Bediako* to the Maryland Court of Appeals.[3] Plaintiffs have not cited any authority for the proposition that I should undermine the precedential authority to which I am subject by seeking review of that authority by another tribunal.

Moreover, I do not believe that certification here is otherwise appropriate. A serious constitutional question would be presented if the Maryland Court of Appeals were to hold that a person who has lent money to another must make a refund of interest, costs, and fees he has received from the debtor if the debtor has not yet repaid the principal of the loan simply because the lender liquidated security for the loan in a manner that violated a Maryland statute. It is one thing to deny a lender who has violated a statute when entering into transaction the benefits of the bargain he would receive under the transaction. It would be quite another thing to hold that, absent criminal conduct, by violating the statute the lender forfeits his own property that he transferred to another under the transaction. It would hardly be in the interest of comity to certify a question to the Maryland Court of Appeals requesting it to interpret Section 12-

---

Assuming that the Commissioner's decision was correct, the difference between *Ward* and this case is that in *Ward* the lender still had a security interest in the collateral securing the loan. Here, there no longer is any collateral securing the loan made by defendants. Presumably the doctrine of set-off would preclude the unfair, unjust, and inefficient result of requiring a first party – who has a valid claim against a second party exceeding the amount of any claim that the second party has against it – to pay to the second party the amount the amount of the second party's claim, leaving the first party only with a lawsuit against the second party if the second party does not pay what he owes.

[3] Plaintiffs also request that I certify the question of whether defendants are prohibited from obtaining any deficiency judgment against plaintiffs to the extent that I find that the Maryland Court of Appeals and the Fourth Circuit have not already resolved that question. As stated above, that question is moot in light of the fact that defendants have made it clear that they are not seeking, and do not intend to seek, any deficiency judgment against plaintiffs.

1018(a)(2) and then, if the Maryland Court of Appeals interprets the statute as plaintiffs would like to have it interpreted, to hold that the court's interpretation is unconstitutional.

C.

Plaintiffs have also filed a motion to order notice to the putative class and for a stay. In the motion they request that I give notice to the putative class about this action so that a putative class member who has paid more than the principal amount of his loan can intervene to represent the class. Plaintiffs also request that I stay this action until the notice has been given and an opportunity for a new plaintiff to intervene has been created.

It is not clear to me that Rule 23 authorizes what plaintiffs seek. The Rule refers to "class members," not "putative class members." The distinction is important because no class in this action has yet been certified. In any event, assuming that Rule 23 does authorize me sending out the notice that plaintiff's request, I decline to do so. I recognize that at least one court has given such notice where the named plaintiffs had settled their claims. *See Berry v. Pierce*, 98 F.R.D. 237, 239 (E.D. Tex. 1983). *See also Rothman v. Gould*, 52 F.R.D. 494, 501 (S.D.N.Y. 1971). However, the concern underlying the *Berry* decision was that the defendant might "pick off" the class action by settling with the named plaintiffs. That concern does not apply here. Rather, the named plaintiffs simply have no claim.

The line of cases cited by plaintiffs holding that the court should permit intervention by new plaintiffs simply also is not applicable in this case. Here, the question is not whether intervention should be permitted but whether the court should give notice to putative class members so that plaintiffs' counsel can persuade them to intervene. Moreover, it is not clear who the members of the putative class are. Section 12-1018, which prevents a lender who has violated CLEC from collecting any interest, costs, fees, or other charges, requires that the lender

first receive notice from the borrower, notice from the Commissioner of Financial Regulation, or notice "in a civil action for an error or violation instituted by the borrower in the court of competent jurisdiction." Section 12-1018(a). At the least, a significant question is presented as to whether borrowers whose motor vehicles were sold at auction prior to the institution of this action are members of the putative class.

In any event, limitations have been tolled as to putative class members during the pendency of this action, and any borrower who believes herself to have been aggrieved by the actions of defendants may file an action, including class allegations if she so chooses, against defendants. In the final analysis it must be remembered that Rule 23 is a procedural rule designed to ensure the fair, efficient and effective resolution of what a plaintiff believes to be a genuine dispute with a defendant. It is not a mechanism for generating disputes by assisting counsel in finding plaintiffs to represent a class.[4]

A separate order effecting the rulings made in this Memorandum is being entered herewith.

Date: December 31, 2013         /s/
                                J. Frederick Motz
                                United States District Judge

---

[4] Plaintiffs also suggest that the decision of the Maryland Court of and the decision of the Fourth Circuit in remanding this case at least implicitly decided that plaintiffs have a remedy, and that the doctrine of the law of the case therefore applies. I do not agree. All that the Maryland Court of Appeals and the Fourth Circuit decided was that the auctions at which the plaintiffs' motor vehicles providing security for the loans were sold were "private" rather than "public" in nature.